UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

        Appellant,

        v.                                          Case No. 09-C-0500

WAUKESHA COUNTY,

        Appellee.

**DECISION AND ORDER GRANTING WAUKESHA COUNTY'S
MOTION TO DISMISS APPEAL [Doc. #3]**

On April 16, 2009, *pro se* appellant, John D. Puchner, filed a notice of appeal from an order of Bankruptcy Judge James E. Shapiro dismissing his adversary proceeding against appellee, Waukesha County, which had been entered on the docket on March 13, 2009. Appellee's motion to dismiss the appeal was filed on May 28, 2009. Although appellant failed to timely respond to the motion, he was granted leave to file a response brief in a July 2, 2009, order. Appellant's opposition brief was submitted on July 27, 2009, and appellee's reply brief followed on August 10, 2009.

Rule 8001, Fed. R. Bankr. P. states that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court ... shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." It further states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Rule 8002, Fed. R. Bankr. P. provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

Finally, Rule 8002(c)(2), Fed. R. Bankr. P. allows an appellant to moves the district court for an extension of time within which to file the notice of appeal if the "request to extend the time for filing ... [is] made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."

Appellant failed to timely file his notice of appeal as required by Rule 8002. Instead of filing his notice of appeal within 10 days of the docketing of Judge Shapiro's order on March 13, 2009, he filed his notice of appeal 31 days after the docket entry. Moreover, appellant failed to ask this court within the time frame fixed by Rule 8002(c)(2) to extend his time to file his notice of appeal, and did not he demonstrated excusable neglect for his untimely filing. Finally, even if he had filed a timely appeal, he failed to comply with Rule 8001, in that he took no further steps to process the appeal before the appellant filed the pending dismissal motion. As Rule 8001 states, this fact is another basis for dismissing the appeal. For these reasons,

IT IS ORDERED that Waukesha County's Motion to Dismiss is granted.

IT IS FURTHER ORDERED that this appeal is dismissed.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE